IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DALE YOUNG,                                )
                                           )
        Plaintiff,                         )        CIVIL ACTION NO. 03-376
                                           )
  v.                                       )        JURY TRIAL DEMANDED
                                           )
NEW SEWICKLEY TOWNSHIP,                    )
a political subdivision, and               )
DALE KRYDER, an individual and in his      )
official capacity as the Chief of Police   )        Electronically Filed.
of New Sewickley Township,                 )
                                           )
        Defendants.                        )

PLAINTIFF'S AMENDED COMPLAINT IN A CIVIL ACTION

COMES NOW, the Plaintiff, DALE YOUNG, by and through his attorneys, SCANLON

& SANSONE, and JOEL S. SANSONE, ESQUIRE, and hereby files the within Amended

Complaint in a Civil Action averring as follows:

JURISDICTION

1.      This action arises from and is premised upon provisions of the United States Constitution

particularly under the provisions of the First and Fourteenth Amendments of the Constitution of

the United States and under federal law, particularly Title 42 U.S.C. Section 1983.

2.      This Court has jurisdiction over Count I through III of this action by virtue of 28 U.S.C.

Sections 1331 and 1343, subsection 3, and the aforementioned constitutional provisions.  Plaintiff,

Dale Young, further requests that this Honorable Court retain jurisdiction of the claims set forth

in Count IV hereto pursuant to the common law doctrine of pendant jurisdiction.

3.      Pursuant to 28 U.S.C. Section 1391(b), venue is proper as all claims set forth herein arose in the Western District of Pennsylvania and all parties reside in the Western District of Pennsylvania.

PARTIES

4.      At all times relevant to this complaint, Plaintiff, Dale Young, was and is a citizen of the United States of America and a resident of the County of Beaver, Commonwealth of Pennsylvania, and was and is at all times relevant to this complaint, a police officer employed by the Defendant, New Sewickley Township.

5.      At all times relevant to this complaint, the Defendant, New Sewickley Township, was and is located in the County of Beaver, Commonwealth of Pennsylvania and was and is a municipal corporation in a governmental subdivision in the Commonwealth of Pennsylvania, and at all times relevant hereto operated under and by virtue of the laws of the Commonwealth of Pennsylvania and the statutes of the United States, with its principal offices located at Box 233, Miller Road, Rochester, Beaver County, Pennsylvania 15074, and acted by and through its agents, subsidiaries, offices, employees and assigns acting within their full scope of their agency, office, employment and/or assignment.

6.      At all times relevant to this complaint, the individual Defendant, Dale Kryder, named above, was and is a citizen of the United States of America and a resident of the County of Beaver, Commonwealth of Pennsylvania, and all times relevant to this complaint was and is an official of Defendant, New Sewickley Township, purportedly acting in the full scope of his office and authority as Chief of Police.

7.     At all times relevant to this complaint, the Defendant, New Sewickley Township, was vested with the responsibility of promulgating and implementing the policies and procedures for the supervision, training and disciplining of its employees, including Defendant Kryder.

8.     At all times relevant hereto, the Defendants and each of them were acting under the color and pretense of law and purported to act pursuant to the statutes, ordinances and regulations, customs and usages of the New Sewickley Township and the Commonwealth of Pennsylvania.

9.     Each and all of the acts of the individual Defendant Kryder alleged herein were done by the Defendant both as an individual, and conspiring with the Defendant New Sewickley Township and its officials, and purporting to act in his official capacity of Chief of Police, under the color and pretense of law and purported to act pursuant to the statutes, ordinances and regulations, customs and usages of the New Sewickley Township and the Commonwealth of Pennsylvania, and under the authority of the various offices for the New Sewickley Township.

10.    Each and all of the acts of Defendant New Sewickley Township were done to conspire with the police department and Defendant Kryder to further the actions of Defendant Kryder under the color and pretense of law and purportedly pursuant to the statutes, ordinances and regulations, customs and usages of the New Sewickley Township and the Commonwealth of Pennsylvania, and under the authority of the various offices for New Sewickley Township.

11.    Each and all of the acts described below was committed with reckless disregard and/or deliberate indifference toward the constitutional rights of the citizens of New Sewickley Township and particularly the Plaintiff and as a direct and proximate result thereof, violated the Plaintiff's statutory and constitutional rights as stated herein.

12.    At all times herein, the Defendants knew of or condoned a long-standing custom, practice, pattern, policy and procedure of the individual Defendant acting with reckless disregard and being

deliberately indifferent towards the Plaintiff and his rights, and as a direct and proximate result thereof, the Plaintiffs' constitutional rights were violated as stated herein.

FACTUAL BACKGROUND

13.     In or about 1973, the Plaintiff became employed by the Defendant Township as a police officer.  In or about 1991, Plaintiff was also employed by Marion Township, Beaver County, as a part time police officer.

14.     At all times relevant hereto, Plaintiff's brother, Glenn Young, was and is a sergeant in the Defendant's police department.

15.     In or about 1992, Plaintiff and his wife purchased the family farm owned by Plaintiff's mother and father.  Thereafter, a long series of incidents occurred between the Plaintiff and his siblings which included, but were not limited to, confrontations, accusations of criminal and civil misconduct, threats, harassment, assault and battery.  Each and all of these incidents were initiated by various acts of wrongdoing by the Plaintiff's siblings.  Plaintiff took no action during this time to contribute to or escalate the repeated conflicts initiated by his siblings.

16.     At all times relevant hereto, Defendant Kryder and Plaintiff's brother, Glenn Young, were political allies regarding political issues in the Defendant Township.  In addition, Kryder and Glenn Young were and are personal friends.

17.     As a result of the friendship and allegiance described above, in or about 1995, and continuing through Plaintiff's involuntary termination from employment on July 3, 2001, Defendant Kryder began a course of conduct designed to deny the Plaintiff his civil rights, and specifically designed to injure, damage and/or end the Plaintiff's career as a police officer for the Defendant.  These acts included, but were not limited to the following:

a. In or about 1995, Kryder wrongfully suspended the Plaintiff for three days
   (including holiday pay), claiming that the Plaintiff engaged in conduct
   unbecoming a police officer. The incident underlying this charge related directly
   to one of the family disputes described above. Nevertheless, Plaintiff was
   suspended without any meaningful investigation, and, as a result lost considerable
pay. Plaintiff's suspension was later overturned.

b. Beginning in 1992, and continuing to the present, Defendant Kryder failed to
   perform his duty as the Chief of Police regarding complaints lodged by the
   Plaintiff against various of his family members, including but not limited to Glenn
   Young. Despite the fact that Plaintiff provided Defendant Kryder with evidence
   of criminal wrongdoing by these family members against the Plaintiff and his
   family, Defendant Kryder refused to bring criminal charges against any of these
   individuals, or to otherwise intervene to stop said conduct, or to even investigate
   the claims raised by the Plaintiff. Further, Defendant Kryder failed to take
   disciplinary action against officers, including Glenn Young, for improper and
   criminal conduct while police officers for Defendant New Sewickley Township;

c. At various times from 1992 through Plaintiff's unlawful termination on July 3,
   2001, Defendant Kryder took various actions against the Plaintiff regarding
   Plaintiff's employment which were improper, unfair, unwarranted, and/or which
   constituted selective enforcement of departmental rules and regulations against the
   Plaintiff. These actions include, but are not limited to, the charges brought against
   the Plaintiff by the Defendant on or about September 5, 2000. At that time,
   Plaintiff was charged with four separate counts of conduct unbecoming an officer.
   Defendant Kryder knew or should have know, at the time that he preferred these
   charges, that said charges were false, overstated, improper and/or unwarranted.

d. At various times from 1992 through Plaintiff's unlawful termination on July 3,
   2001, Defendant Kryder conspired with other members of the Defendant police
   department to bring false or unwarranted charges against the Plaintiff, including
   but not limited to criminal charges alleging that Plaintiff had committed criminal
   acts against, among others, fellow police officers and members of Plaintiff's
   family. Defendant Kryder either brought these charges directly, or conspired with
   other police officers to bring such charges when he knew or should have known
   that such charges were false, overstated, improper and/or unwarranted. These
   actions include, but are not limited to ordering a police officer to give false,
   perjurious or otherwise untrue testimony against the Plaintiff related to criminal
   charges brought against the Plaintiff.

e. In connection with bringing the charges against the Plaintiff on or about
   September 5, 2000, Defendant Kryder recommended that Plaintiff be terminated.
   Thereafter, Defendant Kryder conspired with other police officers to bring false
   evidence against the Plaintiff at a departmental hearing on the said charges on or
   about February 12, 2001, in an effort to insure that the Plaintiff would be

terminated.  Plaintiff was in fact terminated as a result of that hearing by Order of the Board of Supervisors of New Sewickley Township dated July 3, 2001.

18.     In addition to the foregoing specific acts in furtherance of the aforementioned conspiracy, Defendant Kryder engaged in numerous acts against the Plaintiff on a regular basis which were designed to humiliate and harass the Plaintiff and which were ultimately designed to injure the Plaintiff's reputation and career and, ultimately, cause the Plaintiff to resign his position with the Defendant Township.  These acts include but are not limited to regular harassment of the Plaintiff; failing to enforce and/or properly apply the rules and regulations of the police department to the actions of the Plaintiff; spreading false rumors about the Plaintiff and his relationship with his family members; and other acts which together with the foregoing and which together with those acts detailed in the previous paragraph constitute acts in furtherance of the conspiracy to violate the civil rights of the Plaintiff as aforementioned.

19.     Each of the acts described above were directed towards the Plaintiff.  No similarly situated police officers were treated in the same manner.  Specifically, other officers were not suspended without proper investigation; other officers were not subject to false charges of criminal charges, other officers were not prevented and/or harassed for exercising their right to file charges against persons violating the law.

20.     Specifically, other officers, including Defendant's political ally, Glenn Young, engaged in inappropriate conduct including, but not limited to, vandalism of Plaintiff's property, equipment being stolen from Plaintiff's property, stalking and harassment charges, assault.  On each of these occasions, although Defendant Kryder was made aware of this illegal conduct by Plaintiff, Defendant Kryder took no action to file charges against police officers and/or disciplinary actions against police officers.

21.     The actions on the part of the Defendants toward the Plaintiff as they relate to

unwarranted disciplinary action, as well as retaliatory conduct which included filing false

disciplinary actions against him for exercising his rights to his land and his right to seek redress for

criminal and civil act against him, are part of an ongoing conspiracy between the Defendant and

other police officers of the Defendant Township to unlawfully violate the rights of the Plaintiff.

22.     With respect to the aforementioned conduct, Plaintiff believes and therefore avers that the

Defendant is aware of all the actions taken by all of the other police officers acting in conspiracy

with the Defendant as aforementioned.

23.     With respect to the aforementioned conduct, Plaintiff believes and therefore avers that the

Defendants helped to carry out such activities and/or did nothing to prevent these activities from

occurring by participating in filing false disciplinary actions and/or criminal actions against the

Plaintiff, encouraging other officers to file false charges and/or actions.

24.     The Plaintiff was deprived of his rights, privileges and immunities as secured by the United

States Constitution and the laws of the United States due to the conduct of the Defendants

described hereinbefore above acting individually and in conspiracy with each other and under the

color of state law.

25.     As result of the intentional and illegal conduct of the Defendants, the Plaintiff suffered

significant physical injuries and significant emotional trauma.  The Plaintiff suffered and continues

to suffer mental anguish and physiological and emotional distress as a direct and proximate result

of the actions of the Defendants as stated herein.

26.     The Defendants have a custom pattern, practice, policy and/or procedure of engaging in a

conspiracy to violate the civil rights of the Plaintiff as well as other police officers and citizens of

the Defendant New Sewickley Township, and as a direct result thereof violated the Plaintiff's constitutional rights as described herein averred.

27.    At all times mentioned herein the Defendant New Sewickley Township had a long-standing custom, practice, pattern, policy and/or procedure of not training its Chief of Police in regard to the proper conduct towards its officers and citizens of New Sewickley Township, as well as appropriate laws which they are required to uphold within its jurisdiction and as a direct and proximate result thereof violated the Plaintiff's constitutional rights as herein averred.

28.    The Defendant New Sewickley Township had a custom, practice, pattern, policy and/or procedure of not supervising and/or disciplining its Chief of Police when he failed to uphold the laws of the New Sewickley Township as well as when he used undue duress and intimidation on the Plaintiff, as well as other police officers of the Defendant New Sewickley Township to break the law or condoning the law being broken by others by filing false charges against the Plaintiff and as a direct and proximate result thereof violated the Plaintiff's constitutional rights as herein averred.

29.    At all times mentioned herein the Defendant New Sewickley Township knew of and/or condoned a long standing custom, practice, pattern, policy and/or procedure of acting with reckless disregard and being deliberately indifferent towards the needs to train supervise and discipline its Chief of Police with regard to the proper police procedures and treatment of police officers, including the Plaintiff, as well as citizens of Defendant New Sewickley Township, and as a direct and proximate result thereof violated the Plaintiff's constitutional rights as stated herein.

30.    At all times mentioned herein, the Defendant New Sewickley Township had a long standing and/or recognized policy and practice of permitting and encouraging its officials to use illegal and unconstitutional tactics in dealing with its police officers, by allowing such officials to

coerce and threaten such individuals and by failing to institute disciplinary procedures to prevent the further use of illegal and unconstitutional tactics as stated more fully above.

31.     This lack of disciplinary action and/or investigative action establishes a defect of policy with the Defendant New Sewickley Township which condones and encourages the illegal conduct alleged herein.

32.     The Defendants have failed to implement and/or execute the appropriate procedures for preventing malfunctions in the administration of justice.

33.     The Defendants, and each of them, as a matter of custom, policy and practice, have shown deliberate indifference to the constitutional violations alleged and herein thus have encouraged unlawful conduct on the part of the Chief of Police and other New Sewickley Township officials.

COUNT I:

YOUNG V. NEW SEWICKLEY TOWNSHIP

VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS,<br>SPECIFICALLY U.S.C. SECTION 1983, THE FIRST AND<br>FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

34.     Plaintiff incorporates by reference Paragraphs 1 through 33 as though fully set forth at length herein.

35.     All of the actions described hereinbefore above, specifically Paragraphs 16 through 33, and hereinafter below  which were violative of the civil rights of the Plaintiff, were part of a conspiracy to violate the Plaintiff's civil rights.  The individual Defendant participated in this conspiracy through predicating acts in furtherance of that conspiracy which are described more fully hereinbefore or condoning such acts by refusal to stop the conduct described herein above or below.  The object of this conspiracy was to violate the civil rights of the Plaintiff.

36.     Plaintiff believes and therefore avers that the individual Defendant had knowledge of the actions of other police officers as described above which were designed to violate the Plaintiff's rights and the individual Defendant acted in concert with the other police officers to insure that the Plaintiff would be continuously subjected to the unconstitutional behavior described in Paragraphs 17 through 33.

37.     Plaintiff believes and therefore avers that the Defendants and each of them conspired to violate the Plaintiff's civil rights by engaging in the actions more fully described above at Paragraphs 17 through 33.

38.     As stated herein, the Plaintiff was deprived of his rights, privileges and immunities secured by the United States Constitution and laws of the United States due to the conduct of the Defendants acting under the color of state law.

39.     The conduct of each of the Defendants acting in conspiracy and each of them acting in reckless disregard and deliberate indifference deprived the Plaintiff of the following rights, privileges and immunities secured to him by the Constitution of the United States:

    a.     The right of the Plaintiff to be free from unreasonable interference by the police, including but not limited to, a systematic scheme of  harassment, intimidation, undue intrusion by the State and undue intrusion by  the Defendants in attempting to prohibit the Plaintiff from safeguarding his relationships, civil rights and property and each of them as guaranteed under the First and Fourteenth Amendments;

    b.     The rights guaranteed to the Plaintiff under the First Amendment for freedom of association in that Plaintiff has rights in which to not associate with members of his police department and/or share those individuals' political views and/or views which are violative of state and federal laws and statutes;

    c.     The right of the Plaintiff to not be deprived of his right to association protected by the First Amendment which allows Plaintiff to petition for redress of grievances such as those described hereinbefore above, specifically Paragraphs 17 through 23, and Plaintiff's protected right under the First Amendment to not be retaliated against for exercising his right to complain, seek redress and/or to ask that charges

be filed against criminals or individuals for any unlawful conduct as described in Paragraphs 17 through 23;

d.      The right of the Plaintiff to be given equal protection of the law as is guaranteed by the Fourteenth Amendment of the Constitution in that Plaintiff was treated differently for exercising his fundamental rights including the right to the enjoyment of his property and right to seek redress against individuals, including but not limited to, Defendant Kryder, Glenn Young and other New Sewickley Township police officers for engaging in unlawful activity as described hereinbefore above in Paragraphs 17 through 23.  Plaintiff's differential treatment included but was not limited to having false charges filed against the Plaintiff at times that he was seeking redress for unlawful acts against him or his property up to and including his own unlawful termination;

e.      The rights guaranteed under the First Amendment to freedom of association;

f.      The right to engage in constitutionally protected activity and the right to be free from retaliatory actions by the Defendants; and

g.      Plaintiff's right to freedom of association and equal protection guaranteed by the First and Fourteenth Amendments right to property and liberty in that Plaintiff's reputation has been damaged, together with other violations of the Plaintiff's constitutional rights which have impaired the Plaintiff in his ability to pursue his chosen profession as a police officer in light of his unlawful termination as aforementioned.

40.     By reason of the aforesaid, the Plaintiff's civil rights as guaranteed under the First and Fourteenth Amendments of the United States Constitution and 42 U.S.C. Section 1983 were violated.

41.     As alleged herein the established customs, practice, patterns and official policies or procedures or lack thereof on the part of the Defendants constituted a substantial risk of constitutional deprivation.  As a direct proximate result of which, the Plaintiff has sustained the following injuries and damages.

a.      Plaintiff has suffered and continues to suffer from severe emotional and psychological trauma;

b       Plaintiff has suffered and continues to suffer from depression;

c.      Plaintiff has suffered and continues to suffer from inconvenience, humiliation and anxiety;

d.      Plaintiff has been forced to incur medical expenses;

e.      Plaintiff suffered physical injuries such as severe headaches and/or upset stomach;

f.      Plaintiff has suffered severe stress to the nerves and nervous system to the extent that his general health and vitality are impaired and may continue to be impaired for an indefinite period of time;

g.      Plaintiff has been forced to incur attorney's fees and costs;

h.      Plaintiff has incurred other injuries and damages which may become apparent throughout this litigation; and

i.      Plaintiff's reputation has been damaged and impaired as a direct result of the Defendants' violations of his constitutional rights.

42.     The actions of the Defendants constituted a gross, willful and flagrant violation of Plaintiff's constitutional rights as described herein above and are a direct and proximate cause of the Plaintiff's injuries and damages as described hereinabove.

WHEREFORE, for all of the above reasons, the Plaintiff, Dale Young, demands judgment against the Defendants, jointly and separately, in an amount together with punitive damages against the Defendants named herein in excess of Seventy-five Thousand ($75,000.00) Dollars, attorney's fees and costs of suit. In addition, the Plaintiff requests all equitable relief which the Court deems proper including but not limited to reinstatement with full back pay, benefits and seniority.

12

COUNT II:

YOUNG V. NEW SEWICKLEY TOWNSHIP

INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

43.     The Plaintiff incorporates by reference Paragraphs 1 through 42 as though fully set forth at length herein.

44.     The willful misconduct of the Defendants in intentionally violating the Plaintiff's right to freedom of speech, freedom of association, right to be free from harassment and intimidation and freedom from loss of life and liberty and property without due process of law, violation of due process of law and equal protection under the law was extreme and outrageous conduct and as a direct and proximate result of said misconduct, the Plaintiff suffered severe emotional distress, depression and physical injuries as described more fully above.

45.     As a direct and proximate result of the Defendants' intentional conduct as stated herein, the Plaintiff has suffered and will continue to suffer for an indefinite period into the future great pain, suffering, inconvenience, mental anguish, emotional distress and physical injury including but not limited to severe headaches, upset stomach, general malaise and severe distress to his nerves and nervous system to the extent that his general health and vitality are impaired and may continue to be impaired for an indefinite time into the future.

46.     The actions of the Defendants were willful, deliberate and done with a reckless disregard for the rights of the Plaintiff with the intent and purpose to injure and/or damage the Plaintiff's well-being.

        WHEREFORE, for all the above reasons, the Plaintiff, Dale Young, demands judgment against the Defendants named herein, jointly and separately, in an amount together with punitive

damages against the Defendants named herein in excess of Seventy-five Thousand ($75,000.00) Dollars, attorney's fees and costs of suit.

COUNT III:

YOUNG V. NEW SEWICKLEY TOWNSHIP

VIOLATIONS OF 42 U.S.C. SECTION 1983

47.     Plaintiff incorporates by reference Paragraphs 1 through 46 as though fully set forth at length herein.

48.     All of the actions described hereinbefore above and hereinafter below which were violative of the civil rights of the Plaintiff, were part of a conspiracy to violate the Plaintiff's civil rights. Each and all of the individual Defendants participated in this conspiracy through predicating acts in furtherance of that conspiracy which are described more fully hereinbefore or condoning such acts by refusal to stop the conduct described herein above or below.  The object of this conspiracy was to violate the civil rights of the Plaintiff as more fully described at Paragraphs 16-33.

49.     Plaintiff believes and therefore avers that the Defendants' actions were designed to violate the Plaintiff's rights and the individual Defendant acted in concert with the other police officers to insure that the Plaintiff be continuously subjected to the unconstitutional behavior described herein at Paragraphs 17 through 33.

50.     Plaintiff believes and therefore avers that the Defendants and each of them conspired to violate the Plaintiff's civil rights by engaging in the actions more fully described above at Paragraphs 17 through 33.

51.     As stated herein, the Plaintiff was deprived of his rights, privileges and immunities secured by the United States Constitution and laws of the United States due to the conduct of the Defendants acting under the color of state law.

52.     The conduct of each of the Defendants acting in conspiracy and each of them acting in reckless disregard and deliberate indifference deprived the Plaintiff of the following rights, privileges and immunities secured to him by the Constitution of the United States:

  a.  The right of the Plaintiff to be free from unreasonable interference by the police, including but not limited to, a systematic scheme of harassment, intimidation, undue intrusion by the State and undue intrusion by the Defendants in attempting to prohibit the Plaintiff from safeguarding his relationships, civil rights and property and each of them as guaranteed under the First and Fourteenth Amendments;

  b.  The rights guaranteed to the Plaintiff under the First Amendment for freedom of association in that Plaintiff has rights in which to not associate with members of his police department and/or share those individuals' political views and/or views which are violative of state and federal laws and statutes;

  c.  The right of the Plaintiff to not be deprived of his right to association protected by the First Amendment which allows Plaintiff to petition for redress of grievances such as those described hereinbefore above, specifically Paragraphs 17 through 23, and Plaintiff's protected right under the First Amendment to not be retaliated against for exercising his right to complain, seek redress and/or to ask that charges be filed against criminals or individuals for any unlawful conduct as described in Paragraphs 17 through 23;

  d.  The right of the Plaintiff to be given equal protection of the law as is guaranteed by the Fourteenth Amendment of the Constitution in that Plaintiff was treated differently for exercising his fundamental rights including the right to the enjoyment of his property and right to seek redress against individuals, including but not limited to, Defendant Kryder, Glenn Young and other New Sewickley Township police officers for engaging in unlawful activity as described hereinbefore above in Paragraphs 17 through 23. Plaintiff's differential treatment included but was not limited to having false charges filed against the Plaintiff at times that he was seeking redress for unlawful acts against him or his property up to and including his own unlawful termination;

  e.  The rights guaranteed under the First Amendment to freedom of association;

f.      The right to engage in constitutionally protected activity and the right to be free from retaliatory actions by the Defendants; and

g.      Plaintiff's right to freedom of association and equal protection guaranteed by the First and Fourteenth Amendments right to property and liberty in that Plaintiff's reputation has been damaged, together with other violations of the Plaintiff's constitutional rights which have impaired the Plaintiff in his ability to pursue his chosen profession as a police officer in light of his unlawful termination as aforementioned.

53.    By reason of the aforesaid, the Plaintiff's civil rights as guaranteed under the First and Fourteenth Amendments of the United States Constitution and 42 U.S.C. Section 1983 were violated.

54.    As alleged herein the established customs, practice, patterns and official policies or procedures or lack thereof on the part of the Defendants constituted a substantial risk of constitutional deprivation.  As a direct proximate result of which, the Plaintiff has sustained the following injuries and damages.

a.      Plaintiff has suffered and continues to suffer from severe emotional and psychological trauma;

b       Plaintiff has suffered and continues to suffer from depression;

c.      Plaintiff has suffered and continues to suffer from inconvenience, humiliation and anxiety;

d.      Plaintiff has been forced to incur medical expenses;

e.      Plaintiff suffered physical injuries such as severe headaches and/or upset stomach;

f.      Plaintiff has suffered severe stress to the nerves and nervous system to the extent that his general health and vitality are impaired and may continue to be impaired for an indefinite period of time;

g.      Plaintiff has been forced to incur attorney's fees and costs;

h.      Plaintiff has incurred other injuries and damages which may become

apparent throughout this litigation; and

i.      Plaintiff's reputation has been damaged and impaired as a direct result
        of the Defendants' violations of his constitutional rights.  Plaintiff's
        reputation as a professional police officer has been damaged as a result of his
        unlawful and improper termination which is more fully described
        above.

        WHEREFORE, for all the above reasons, the Plaintiff, Dale Young, demands judgment

against the Defendants named herein, jointly and separately, in an amount together with punitive

damages against the Defendants named herein in excess of Seventy-five Thousand ($75,000.00)

Dollars, attorney's fees and costs of suit.  In addition, the Plaintiff requests all equitable relief

which the Court deems proper including but not limited to reinstatement with full back pay,

benefits and seniority.

                                        JURY TRIAL DEMANDED

                                        Respectfully submitted,

                                        SCANLON & SANSONE

                                        s/Joel S. Sansone
                                        Joel S. Sansone, Esquire
                                        PA ID No. 41008
                                        2300 Lawyers Building
                                        Pittsburgh, Pennsylvania  15219
                                        (412) 281-9194

Dated:  February 2, 2006