IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DALE YOUNG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 02: 03cv0376 |
| ) | |
| NEW SEWICKLEY TOWNSHIP, ) | |
| a political subdivision, and ) | |
| DALE KRYDER, an individual and in his ) | |
| official capacity as the Chief of Police ) | |
| of New Sewickley Township, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Presently before the Court is the MOTION TO AMEND COMPLAINT PURSUANT TO RULE 12(b)(6) filed by Defendants New Sewickley Township and Dale Kryder, an individual and in his official capacity as the Chief of Police of New Sewickley Township, with brief in support (*Document Nos. 16 and 17*), and the Plaintiff's brief in opposition (*Document No. 22*). The issues have been fully briefed by the parties and the motion is ripe for disposition. For the reasons that follow, the motion will be granted in part and denied in part.

### BACKGROUND

The following background is drawn from the Amended Complaint and the factual allegations therefrom are accepted as true for the purpose of this motion.[1] Plaintiff, Dale

---

[1] Plaintiff filed his original Complaint on March 17, 2003. Thereafter, the Defendants filed a timely Motion to Dismiss, which was granted in its entirety by the Court. Plaintiff then appealed to the United States Court of Appeals for the Third Circuit which upheld the dismissal of Plaintiff's Fifth Amendment and Fourteenth Amendment due process claims, and remanded the case to permit Plaintiff to amend his Complaint with respect to his First Amendment and equal

Young ("Plaintiff"), has filed an Amended Complaint against New Sewickley Township and Dale Kryder, individually and in his official capacity as Chief of Police of New Sewickley, which seeks relief under 42 U.S.C. § 1983 for alleged violations of his civil rights under the First and Fourteenth Amendments to the United States Constitution, and also asserts a state claim for intentional infliction of emotional distress.  The Court notes that Plaintiff's Amended Complaint lists the same three Counts as were contained in the original Complaint, all of which are entitled "Young v. New Sewickley Township," although Chief of Police Dale Kryder is individually named in the caption.  The Court will assume for purposes of this Memorandum Opinion and Order that Plaintiff intended to assert all three counts against both Defendants.

Distilled to its essence, the Amended Complaint alleges that New Sewickley Township hired Plaintiff as a police officer in 1973 and that beginning in 1995, Dale Kryder, Chief of Police of New Sewickley Township, began a course of conduct designed to deny Plaintiff his civil rights and damage his career as a police officer.  Such alleged conduct continued until Plaintiff's involuntary termination on July 3, 2001.

Defendants have moved for the dismissal of the Amended Complaint in its entirety under Federal Rule of Civil Procedure 12(b)(6).  Defendants argue that the Amended Complaint, similar to the original Complaint, contains "circuitous and vague language," fails to state a cause of action upon which relief could be granted, and is barred by the applicable statute of limitations.  Plaintiff agrees that "the Defendants' arguments regarding punitive

---

protection claims that he alleged pursuant to 42 U.S.C. § 1983, as well as his state law claim for intentional infliction of emotional distress.  Plaintiff has filed his Amended Complaint, which contains the same three Counts as was contained in the original Complaint.

damages and Plaintiff's claim for injury to his reputation are accurate" and agrees to the dismissal of these claims. P's Br. at 1.   However, Plaintiff contests that his remaining claims should be dismissed.

### STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint.  *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  Accordingly, the Court must determine whether Plaintiff would be entitled to relief under any set of facts that could be established in support of his claims.  *See Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255 (3d Cir. 1994).  All allegations in the Amended Complaint and all reasonable inferences that can be drawn therefrom must be accepted as true and viewed in the light most favorable to Plaintiff. *Pennsylvania Nurses Ass'n v. Pennsylvania State Educ. Ass'n,* 90 F.3d 797, 799-800 (3d Cir. 1996), *cert. denied,* 519 U.S. 1110 (1997).

The fact that a court must assume as true all facts alleged, however, does not mean that the court must accept as true "unsupported conclusions and unwarranted inferences." *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997).  Rather, "courts have an obligation in matters before them to view the complaint as a whole and to base rulings not upon the presence of mere words but, rather, upon the presence of a factual situation which is or is not justiciable."  *City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263 (3d Cir. 1998).

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint need only offer "a short and plain statement of the claim showing that the pleader is entitled to relief" enough to

"give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." See Fed. R. Civ. P. 8(a)(2); *see also Conley,* 355 U.S. at 47.  This is a minimum notice pleading standard "which relies on liberal discovery rules and summary motions to . . . dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513-14 (2002).  If a defendant feels that a pleading fails to provide sufficient notice, he or she may move for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure before fashioning a response. *Id.*

However, a Complaint which alleges violations of a plaintiff's civil rights must "contain a modicum of factual specificity, identifying the particular conduct of the Defendants that is alleged to have harmed the Plaintiff." *Colburn v. Upper Darby Twp.*, 838 F.2d 663, 666 (3d Cir. 1988), *cert. denied*, 489 U.S. 1065 (1989).  Moreover, conclusory pleadings do not suffice to state a claim under 42 U.S.C. § 1983. *Pace Resources, Inc. v. Shrewbury Twp.*, 808 F.2d 1023, 1035 (3d Cir. 1987).

### DISCUSSION

1. <u>Plaintiff's Equal Protection Claim</u>

An equal protection claim can be brought by a "class of one," where a plaintiff alleges that he has been "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).  Where no fundamental right is impinged and where no suspect classification is used, the difference in treatment need only be rationally related to legitimate state interest. *See Cleburne v. Cleburne Living Ctr., Inc.,* 473 U.S. 432, 440 (1995).

Defendants argue that Plaintiff's equal protection claim should be dismissed because Plaintiff has failed to "identify any specific comparator and how any specific comparators were similarly situated to Young." Def's Br. at 10.  In his Amended Complaint, however, Plaintiff alleges, *inter alia*, that "[n]o similarly situated police officers were treated in the same manner.  Specifically, other officers were not suspended without proper investigation; other officers were not subject to false charges of criminal charges (sic), other officers were not prevented and/or harassed for exercising their right to file charges against persons violating the law." Amended Complaint, at ¶ 9.

The Court finds that Plaintiff has alleged just enough facts, which if true, could demonstrate that Defendants treated him differently from other officers on the police force based on an illegitimate animus towards Plaintiff.  Therefore, the Court is constrained to find that Plaintiff has made a minimal showing of an equal protection violation so as to survive Defendants' motion to dismiss.

2.       Plaintiff's Claims Are Not Barred by the Statute of Limitations

Defendant also argues that this action is barred by the applicable two-year statute of limitations because the alleged actions of Defendant Kryder which give rise to this lawsuit, i.e., the filing of false charges and giving false testimony, occurred more than two years prior to the filing of Plaintiff's Complaint in March of 2003.  The theory of Plaintiff's case against Defendants, however, is not simply that false charges were filed against him or that Defendant Kryder gave false testimony against him.  Rather, Plaintiff alleges that his termination from employment "was the final act of numerous acts by the Defendants which gave rise to this

5

claim." Accordingly, the Court finds that there is sufficient record evidence that the alleged violations by Defendants of Plaintiff's constitutional rights continued into the limitations period. For this reason, the Court finds and rules that Defendant's argument regarding the statute of limitations is without merit.

## CONCLUSION

For the reasons hereinabove discussed, the Motion to Dismiss filed by Defendants New Sewickley Township and Chief of Police Dale Kryder, individually and in his official capacity as Chief of Police of New Sewickley Township, will be granted in part and denied in part.

An appropriate Order follows.

McVerry, J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DALE YOUNG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 02: 03cv0376 |
| | ) |
| NEW SEWICKLEY TOWNSHIP, A Political | ) |
| Subdivision, and DALE KRYDER, an | ) |
| individual and in his official capacity as the | ) |
| Chief of Police of New Sewickley Township, | ) |
| | ) |
| Defendants. | ) |

**ORDER OF COURT**

AND NOW, this 8th day of November, 2006, in accordance with the foregoing Memorandum Opinion, it is **ORDERED, ADJUDGED AND DECREED** as follows:

1. Defendants' Motion to Dismiss all claims for punitive damages against New Sewickley Township and Dale Kryder, in his official capacity as the Chief of Police of New Sewickley Township, is **GRANTED,** without opposition from Plaintiff;

2. Defendants' Motion to Dismiss all claims for alleged injuries to Plaintiff's reputation is **GRANTED**, without opposition from Plaintiff;

3. In all other respects, Defendants' Motion to Dismiss is **DENIED**.

Defendants are hereby **ORDERED** to file an Answer to Plaintiff's remaining claims on or before **November 24, 2006.**

                                                             BY THE COURT:

                                                              _____

                                                              Terrence F. McVerry
                                                              United States District Court Judge

cc: Joel S. Sansone, Esquire
Scanlon & Sansone
Email: joelsansone03@msn.com

Patricia A. Monahan, Esquire
Marshall, Dennehey, Warner, Coleman & Goggin
Email: Pamonahan@mdwcg.com